**AIGAMAUA of Leone and ATOFAU of Leone, Plaintiffs**

**v.**

**MALAMA of Leone, Defendant**

No. 12-1960

## High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Leoso" of Leone]

June 30, 1960

OPINION AND DECREE

Heard at Fagatogo on May 19, 20 and 23, 1960 before MORROW, *Chief Judge*, and *Associate Judges* APE and TAUALA.

Ropati, Chief Counsel, and Salavea O., Ass't Counsel, for Aigamaua.

Atofau *pro se.*

Lauvao, Counsel for Malama.

MORROW, *Chief Judge.*

Malama filed his application to be registered as the holder of the matai title Leoso attached to the Village of Leone. Aigamaua and Atofau filed objections to the proposed registration, each of them becoming a candidate for the name. Hence this litigation. See Sec. 932 of the A. S. Code.

Section 926 of the A. S. Code as amended prescribes the qualifications for holding a matai name or title. The evidence showed that each of the three candidates has the necessary qualifications and is, therefore, eligible to be registered as the holder of a matai title or name.

Section 933 of the A. S. Code as amended prescribes the law which the Court shall follow in making its determination as to which one of opposing candidates for a matai name shall be registered as its holder. It reads as follows:

"Consideration Given by Court: In the trial of matai name cases, the High Court shall be guided by the following in the priority listed:

(a) The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail;

(b) The wish of the majority or plurality of those members of the family related by blood to the title;

(c) The forcefulness, character, personality and capacity for leadership of the candidate;

(d) The value of the holder of the matai name to the Government of American Samoa."

With respect to the issue of hereditary right, the undisputed evidence was to the effect that Malama is the blood son of Leoso Fiavivini and has $1/2$ Leoso blood in his veins; also that Atofau is the great-grandson of Leoso Tafaevalu Sipa'i and has $1/8$ Leoso blood in his veins. With respect to Aigamaua, the evidence is in conflict. He claims

to be the grandson of Leoso Vaiausia with $\frac{1}{4}$ Leoso blood in his veins, and he so testified. However, Atofau, who has the records of the Leoso Family—they were given to him by Leoso Fiavivini before his death—testified that there were three Vaiausias; that two of them were Leosos while the third one was a man originally named Taele who was brought to Tutuila from what is now Western Samoa by the second Leoso Vaiausia who gave him the name Vaiausia (a young man's name) and that this young man (originally named Taele and later named Vaiausia) was the grandfather of Aigamaua. If Atofau's testimony is correct, Aigamaua has no Leoso blood and is at most a descendant of a man adopted by the Leoso Family. However, we think that the weight of evidence is to the effect that Aigamaua is the grandson of Leoso Vaiausia with $\frac{1}{4}$ Leoso blood in his veins, and we so find. Malama, who has $\frac{1}{2}$ Leoso blood, prevails over both Aigamaua and Atofau on the issue of hereditary right and Aigamaua with $\frac{1}{4}$ Leoso blood prevails over Atofau, who has $\frac{1}{8}$ Leoso blood, on this issue. In other words, Malama stands first on the issue of hereditary right, Aigamaua second and Atofau third.

Each of the three candidates filed with the Court a petition purporting to be signed by those blood members of the Leoso Family supporting his candidacy for the title. There were 273 signatures on the petition for Malama, 557 on the petition for Aigamaua, and 626 on the petition for Atofau. Each of the candidates testified that all of the signatures on his petition were those of blood members of the family. Aigamaua refused to say that any of the signers on the petitions of the other two candidates were not blood members. He testified that he "forgave" the other candidates for what they had done; that he wanted "no revenge"; and that he wanted "to preserve peace and harmony in the family." However, Aigamaua did admit that all 273 signers on

Malama's petition were blood members. Malama testified that only 153 of the 557 on Aigamaua's petition were blood members and that the remaining 404 were not. Malama also testified that only five of the 626 on Atofau's petition were blood members and that 621 were not. Atofau and Aigamaua both testified that all of the 273 signers on Malama's petition were blood members. Atofau testified that 128 on Aigamaua's petition were not blood members, they being persons married to the family only and without Leoso blood. Aigamaua admitted that he procured many signatures on his petition after the following fashion: He would go to a village, contact a matai and the matai would get certain people in the village together; the matai would then tell Aigamaua that these people were members of the Leoso Family and Aigamaua would then get them to sign his petition. He had no personal acquaintance whatever with many of these people and had no actual knowledge that they were members. All that he actually knew was that the matai had told him that they were members. Knowledge that a matai had told him that a certain person was a member is an entirely different thing from knowledge that such person is a member. No doubt this accounts for some of the names on Aigamaua's list of signers being palagi and not Samoan. For instance, we find "Rusty, Edward," and "Herman" on Aigamaua's petition. The weight of evidence was that no such people exist. Aigamaua's own testimony as to how he procured many of the signatures on his petition would indicate that a considerable number of the names on it is open to serious question. We note that there were 75 signers from Leone on Aigamaua's petition, 108 from Leone on Malama's, and only five from Leone on Atofau's. The five were his own and those of four of his children.

All three of the candidates are from Leone, and that is the village in which they are best known. Malama was very

honest with respect to his petition. He crossed out the names of those who were only married persons to the family. These persons, since Samoans do not marry within the family, had no Leoso blood. Both Atofau and Aigamaua admitted that all 273 signers on Malama's petition were blood members of the family and Malama so testified, as we have said. In view of our findings with respect to the other three issues, it is not necessary for us to make a finding with respect to the issue of the wish of the majority or plurality of the family. However, we will say, without making a specific finding, that we believe that a majority of the family wish Malama to be the matai.

Malama is 58 years old. At a family meeting held after the death of Leoso Fepulea'i, he was selected by the family to hold the title. Candidate Aigamaua signed a petition that Malama be registered as the holder of the Leoso title. Malama graduated from the Marist Brothers School in 1919. He speaks English well. After graduation from school, he returned to Leone, worked on family plantations, and served the Leoso title. He served as a school teacher. Later he became a clerk in Charles Scanlan's store; still later a clerk in the G.H.C. Reid & Company store in Leone. He has worked as a stevedore for the Matson Navigation Company. For many years he has held the responsible part-time position of checker for the Matson Navigation Company, checking incoming and outgoing freight. During the war he was a checker for the United States Government. The fact that he has been a checker for many years is an indication not only of care in doing his work but also of his integrity and trustworthiness. When a former Director of Samoan Affairs went to Swains Island to check into conditions there, Malama was entrusted with handling the affairs of the Director's office in Tutuila. For the last six years Malama has held a responsible position in the office of Adult Education and Public Information. He

418

has charge of The School of the Air for Adult Education and Public Information. Among other things it is his duty to collect information about the outside world and prepare broadcasts based on such collected information; broadcasts useful to the Samoan people. The proper preparation of the broadcasts necessarily requires considerable research. He has prepared lessons about the operation of the Government for broadcasting. He kept the public informed about the new constitution when it was being drafted. He translated into Samoan for the use of the Samoan people a book on diet prepared by a Miss Malcolm for the South Pacific Commission. He taught Feleti school teachers and also some high school teachers the Samoan language. Malama has been the leading young man in the Leoso Family for 30 years. He has been entrusted by the family with maintaining the Leoso monotaga since the death of Fepulea'i about three years ago. He has served the Leoso title well. For instance, he bore about $3/4$ of the expense incident to building the new Leoso guest fale, the remainder of the family taking care of only $1/4$. Aigamaua's contribution covered the expense for only one day. Atofau's contribution was very small. Malama has property in Western Samoa which he rents.

Aigamaua is 52 years old. He graduated from the Marist Brothers School in 1925. He speaks English. From 1925 to 1958 he clerked behind the counter for various storekeepers; first for Alex Forsythe, then for a German firm, then for Ship's Service. He became a clerk behind the counter for G.H.C. Reid & Company in 1942 and continued as such until 1958 when he became the manager of the Fagatogo branch store of G.H.C. Reid & Company. He has continued as such manager from 1958 to date. Aigamaua has plantations from which he sells produce at the Samoan market in Fagatogo. He sells fish from his fish trap. Aigamaua has

held his title for 11 years. He has property in Leone which he rents. He is an energetic and industrious person.

Atofau is 53 years old. He completed the 7th grade in the Marist Brothers School. He speaks English fairly well although he testified that he spoke "not very much English." After finishing his schooling, Atofau lived in the Leoso Family in Leone, worked on family plantations and rendered service to the Leoso. He was the secretary of a committee which prepared a book on Samoan customs for use in the Samoan High School. He has held the Atofau title for 16 or 17 years. Atofau is an industrious man. He sold $383 worth of cocoa last year. Atofau sold $236 worth of coconuts, bananas, and taro in January of this year and $190.76 worth of copra during January and February of this year. These latter items came from plantations on communal land as did the cocoa.

During the hearing, the judges had an excellent opportunity to observe the personalities of the respective candidates. It is our conclusion from the evidence and from our observations during the hearing that Malama and Aigamaua are on an equality on the issue of forcefulness, character, personality, and capacity for leadership and that Atofau ranks second to both of them on this issue.

There are a total of 188 signatures of members of the Leoso Family living in Leone on the three petitions. One hundred and eight of these signed for Malama, 75 for Aigamaua, and only five (Atofau himself and his four children) for Atofau. The three candidates have lived in Leone all of their lives. The Leoso Family members in Leone know them well. They are the very people who will live under and serve the new Leoso, while those members living in other villages will live in other families under other matais. The fact that so few (only five out of 188 and these Atofau himself and his four children) signed Atofau's petition is a very convincing indication that those family

members who know him best do not wish Atofau to be the new matai and their leader. This fortifies our conclusion that Atofau ranks second to Malama and Aigamaua on the issue of forcefulness, character, personality and capacity for leadership.

We shall next consider the issue of the value of the holder of the matai name to the Government. Samoa is coming in contact with the outside world more and more as time goes on. The new jet airfield at Tafuna will accelerate that contact. It is a good thing for the Samoan people to have as much information as possible about the outside world. In view of the recent adoption of the constitution, it is an excellent thing for the Samoan people to be informed about their Government and how it operates. The School of the Air broadcasts about the outside world prepared and put on the air by Malama are very much worthwhile as are his broadcasts about the operation of the Samoan Government. A well-informed public is beneficial to any Government. Aigamaua is managing a branch store for the G.H.C. Reid & Company. No doubt his work benefits the G.H.C. Reid & Company and himself. The agricultural pursuits of Atofau benefit himself and his family. It is value to the Government which the statute requires us to consider, not value to G.H.C. Ried & Company, Aigamaua, the Atofau Family or Atofau. Our conclusion is that Malama will be of much value to the Government and that he prevails over Aigamaua and Atofau on this issue.

In view of our findings that Malama stands first on the issue of hereditary right, first on the issue of value to the Government, and on an equality with Aigamaua and ahead of Atofau on the issue of forcefulness, character, personality and capacity for leadership, it is not necessary for us to make any finding with respect to the issue of the wish of the majority or plurality of the family, and we shall not. This is true, since, if we were to find that Atofau stands

first on the issue of the wish of the majority or plurality of the family, we would be required nevertheless to award the title to Malama instead of Atofau, since Malama prevails over Atofau on the other three issues; and, on the other hand, if we were to find that Aigamaua prevails over Malama on the issue of the wish of the majority or plurality of the family, it would still be necessary for us to award the title to Malama since we have found that Malama prevails over him on the issue of hereditary right, the issue of value to the Government and is on an equality with him on the issue of forcefulness, character, personality and capacity for leadership; that is, Malama would prevail over Aigamaua on two issues and be on an equality with him on a third, while Aigamaua would prevail over Malama on one issue only.

Our conclusion is that the matai name Leoso should be awarded to Malama.

DECREE

Accordingly, it is ADJUDGED, ORDERED and DECREED that Malama shall be registered as the holder of the matai name Leoso attached to the Village of Leone. The Registrar of Titles will be so notified.

Costs in the sum of $37.50 are hereby assessed against Aigamaua and a like sum against Atofau. Costs are to be paid within 30 days.